UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRIA YANG,<br><br>         Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1]<br><br>         Defendant. | Case No.: 1:20-cv-01353-AWI-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT**<br><br>(Docs. 18, 21)<br><br>FOURTEEN-DAY DEADLINE |

**Findings and Recommendations**

**INTRODUCTION**

Plaintiff Tria Yang ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits under Title II of the Social Security Act and supplemental security income benefits under Title XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe for findings and recommendations.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit.

1

Having considered the briefing and record in this matter, the Court finds the decision of the Administrative Law Judge ("ALJ") is not supported by substantial evidence in the record as a whole or based upon proper legal standards. Accordingly, this Court will recommend reversing the agency's determination to deny benefits.

## FACTS AND PRIOR PROCEEDINGS

Plaintiff filed applications for disability insurance benefits and supplemental security income benefits on May 23, 2017. AR 166-67, 168-69, 173-82.[2] Plaintiff alleged that he became disabled on April 19, 2017, due to hearing problems in both ears, hernia, depression and high blood pressure. AR 166, 192. Plaintiff's applications were denied initially and on reconsideration. AR 89-91, 92-96. Subsequently, Plaintiff requested a hearing before an ALJ. ALJ Erin Justice held a hearing on October 22, 2019. AR 39-69. ALJ Justice issued an order denying benefits on November 14, 2019. AR 12-32. Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision. AR 1-5. This appeal followed.

### Hearing Testimony

ALJ Justice held a hearing by video on October 22, 2019. Plaintiff appeared in Fresno, California, with counsel Zachery Ishikawa. Plaintiff testified with the assistance of a Hmong interpreter. Ashley Bryars, an impartial vocational expert, and Pao Yang, the claimant's son, also appeared and testified. AR 15.

In response to questions from the ALJ, Plaintiff testified that he lives in a house with his wife, daughters and sons. He has a GED, which he passed in English. At the time, he was able to communicate in English. He stopped being able to communicate in English in 2015 or 2016 because of his memory and concentration. AR 44-45.

When asked about his daily activities, Plaintiff testified that he goes outside and walks around the house. When asked about his past work, Plaintiff testified that he was self-employed in 2014, 2015 and 2016 doing cleaning, janitorial work at a car dealership. In an average 8-hour workday, he sat about two hours. He occasionally and frequently lifted 15 pounds. AR 46-48. From 2001 to 2004,

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

1  Plaintiff worked for Fresno County, driving a van, picking up people and taking them to and from the
2  adult care center. In that job, he sat about seven hours in an eight-hour day. He frequently lifted five
3  pounds or less and occasionally lifted 25 pounds. AR 49-51.

4       In response to questions from his attorney, Plaintiff testified that he has kidney disease, which
5  makes him feel exhausted. He cannot lift because it causes pain in his back. Plaintiff estimated that
6  he could lift ten pounds once a day. His kidney disease also affects his ability to sit. He can sit about
7  30 minutes before he feels pain. AR 51-52.

8       Plaintiff also testified that he is dealing with depression, which has caused him to lose his
9  concentration and his memory. He easily forgets what he is doing. Plaintiff testified that he could not
10 recall his address, his birthday or his Social Security number. He sometimes drives, but he will
11 sometimes get lost. He has ringing in his ear, and sometimes hears voices inside his head. His
12 hallucinations will last about four to five minutes. He stays home most of the time because of his
13 depression and sadness. He also gets angry sometimes because he cannot do things that he wants to
14 do. He has a phone, but he does not know how to check voicemail or send a simple text message. AR
15 52-54. He no longer has the ability to do simple mathematics, like adding, subtracting, or multiplying.
16 AR 55.

17      When asked why he stopped working at the car dealership, Plaintiff testified that he was
18 terminated. He was not performing his job satisfactorily and was calling in sick one or two days a
19 month. Plaintiff testified that he could not return to work because of his pain and because of his
20 concentration. AR 55.

21      Following Plaintiff's testimony, Plaintiff's son Pao Yang also provided testimony. Mr. Yang
22 testified that he sees Plaintiff about once a week. Plaintiff's memory is getting bad, and he is really
23 impaired. He has poor memory and lack of judgment. Mr. Yang reported that Plaintiff would not
24 have been able to get to the hearing without his help. AR 56-58. Plaintiff does not speak or read
25 English at home. He can speak broken English but lacks comprehension of difficult words. He would
26 be able to follow simple directions if he was not distracted. Mr. Yang did not believe that Plaintiff had
27 the ability to complete more than two tasks and would need constant reminders. Plaintiff also is very
28 short tempered and frequently gets upset. He could not recall his address. Mr. Yang testified that

Plaintiff would not be able to go back to his past work as a janitor or driver due to his lack of concentration, lack of judgment, and lack of insight. He has poor judgment and an inability to communicate effectively to his superiors or to complete tasks as assigned. AR 59-61.

Following Mr. Yang's testimony, the ALJ elicited testimony from the VE. The VE categorized Plaintiff's past work as janitor and shuttle van driver. AR 62. The ALJ also asked the VE hypotheticals. For the first hypothetical, the ALJ asked the VE to assume an individual of Plaintiff's age, education and past work who could lift 50 pounds occasionally, 25 pounds frequently, could occasionally climb ladders, scaffolds and stairs, frequently reach overhead, and push/pull with the right, dominant arm and frequently operate a motor vehicle, could work around moderate noise, could perform simple but not detailed work and could not perform strict production pace work, such as assembly line work. The VE testified that this individual could not perform any of Plaintiff's past work, but there were other jobs in the national economy that this individual could perform, such as meat clerk (222.684-010, medium, skill level of 2), night cleaner (358.687-010, medium, skill level of 2), and laundry worker (361.685-018, medium, skill level of 2). AR 63-64.

For the second hypothetical, the ALJ asked the VE to assume an individual of Plaintiff's age, education and past work who could lift five pounds occasionally, less than five pounds frequently, needed to recline four hours in an eight-hour day, could stand/walk for two hours and sit for four hours in an eight-hour workday, would be off task 5% of the day and would miss five days a month. The VE testified that there would be no competitive work available. AR 64.

Following the ALJ's questions, Plaintiff's counsel also asked the VE questions. For the jobs listed in hypothetical one, the VE testified that the laundry worker and meat clerk both required a math level one, which is generally consistent with a first to third-grade educational level. The night cleaner job is math level 2, which would be equivalent to a fourth to sixth-grade level. AR 64-65. The VE testified that if an individual could not add one number to one number, then they would not be able to perform these jobs. The VE also confirmed that the reasoning level for all three jobs would be a 2. AR 66-67. The VE also confirmed that her testimony was consistent with the Dictionary of Occupational Titles ("DOT") and its companion publications. She additionally relied on her more than 25 years of knowledge, training and experience as a vocational rehabilitation counselor. AR 64.

**Medical Record**

The relevant medical record was reviewed by the Court and will be referenced below as necessary to this Court's decision.

**The ALJ's Decision**

Using the Social Security Administration's sequential evaluation process, the ALJ determined that Plaintiff was not disabled. AR 15-32. Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 19, 2017, the application date. AR 17. The ALJ identified the following severe impairments: chronic right shoulder strain, tinnitus/hearing loss, chronic kidney disease and depression. AR 17-18. The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments. AR 18-21.

Based on a review of the entire record, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform medium work, except he could occasionally lift 50 pounds and frequently 25 pounds, occasionally climb ladders, scaffolds, and stairs, frequently reach overhead and push/pull with the right dominant upper extremity, frequently operate a motor vehicle, could work around moderate noise, could perform simple, but not detailed work and could not perform strict production pace work such as assembly line work. AR 21-30. With this RFC, the ALJ found that Plaintiff could not perform any past relevant work, but could perform other jobs in the national economy, such as meat clerk, night cleaner and laundry clerk. AR 31. The ALJ therefore concluded that Plaintiff was not disabled. AR 32.

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the

Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## DISCUSSION[3]

Plaintiff contends that the ALJ erred at step five of the sequential evaluation because the RFC precludes the performance of jobs identified by the VE, and the ALJ failed to reconcile the conflicts between the VE's testimony and the DOT. Plaintiff also contends that the ALJ failed to follow the regulations in weighing the medical opinion evidence and improperly rejected the opinion from her treating physician, Dr. Mark David Popper.

**A. The ALJ Failed to Address an Apparent Conflict at Step Five**

Plaintiff challenges the ALJ's determination at step five of the sequential evaluation. Plaintiff argues that the ALJ's limitation of Plaintiff to "simple, but not detailed work" is in conflict with the

---

[3] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

1    requirements of the representative jobs suggested by the VE, which require DOT Reasoning Level 2.
2    (Doc. 18 at 3); *see* DICOT 222.684-010 Meat Clerk, Reasoning Level 2; DICOT 358.687-010
3    Change-House Attendant (night cleaner), Reasoning Level 2; DICOT 361.685-018 Laundry Worker
4    II, Reasoning Level 2.)  According to the DOT, Reasoning Level 2 requires the ability to "[a]pply
5    commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal
6    with problems involving a few concrete variables in or from standardized situations." *See* DICOT
7    222.684-010 Meat Clerk; *see also* DICOT 361.685-018 Laundry Worker II, DICOT 358.687-010
8    Change-House Attendant (night cleaner).)  Plaintiff contends that the ALJ's failure to have the VE
9    explain the direct conflict between the representative positions and the RFC is legal error requiring
10   remand.

11         Generally, occupational evidence provided by a VE should be consistent with the occupational
12   information supplied by the DOT. *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007). The ALJ
13   "has an affirmative responsibility to ask about any possible conflict between that VE [ ] evidence and
14   information provided in the DOT." SSR 00-4P, 2000 WL 1898704, at *4 (S.S.A. Dec. 4, 2000);
15   *Massachi*, 486 F.3d at 1152-53. "When there is an apparent unresolved conflict between the VE [ ]
16   evidence and the DOT, the [ALJ] must elicit a reasonable explanation for the conflict before relying
17   on the VE [ ] evidence to support" a disability determination. SSR 00-4P, 2000 WL 1898704, at *2.
18   The ALJ must explain the reconciliation in his or her decision. *Id.* at *4. This process "ensure[s] that
19   the record is clear as to why an ALJ relied on a vocational expert's testimony, particularly in cases
20   where the expert's testimony conflicts with the [DOT]." *Massachi*, 486 F.3d at 1153. An ALJ's failure
21   to ask the VE whether his or her testimony conflicts with the DOT and, if so, whether there is a
22   reasonable explanation for the conflict is a procedural error. *Id.* at 1153-1154.

23         Here, the ALJ determined that the VE's testimony was consistent with the DOT.  AR 31.  The
24   VE also confirmed that her testimony was consistent with the DOT and its companion publications.
25   She additionally relied on her more than 25 years of knowledge, training and experience as a
26   vocational rehabilitation counselor.  AR 64.  Nevertheless, Plaintiff contends that the ALJ failed to
27   recognize the apparent conflict between the identified jobs and the DOT.  The Court therefore
28   considers whether there is an unresolved conflict between the VE's testimony and the DOT.

7

As pointed out by the Commissioner, this Court has previously found no conflict between Reasoning Level 2 and an ALJ's finding that a claimant could not perform "detailed and complex work." *Saiz v. Saul*, No. 1:18-CV-01603-BAM, 2020 WL 860030, at *4 (E.D. Cal. Feb. 21, 2020). Specifically, in *Saiz,* the court found the requirements of Reasoning Level 2 that an individual be able to carry out "detailed but uninvolved' instructions did not conflict with the RFC finding precluding "complex and detailed" work tasks. *Id.* at *6. The court equated "uninvolved" with "non-complex," "simple," or "uncomplicated," and defined Reasoning Level 2 as "require[ing] an individual to carry out 'detailed' but 'non-complex,' 'simple,' or 'uncomplicated' instructions." *Id.* at *5. The court expressly noted that the RFC limitation did not preclude the performance of detailed, but non-complex work tasks. *Id.* at *6 (reasoning that preclusion from detailed and complex tasks did not preclude performance of detailed, but non-complex tasks). In short, *Saiz* found Reasoning Level 2 as requiring an individual to carry out detailed, but simple instructions. *Saiz* is therefore distinguishable from the RFC here, which precludes detailed work.

Instead, the RFC here is identical to that in *Mitzel v. Comm'r of Soc. Sec.*, No. 1:20-CV-01757-BAK, 2022 WL 2670202, at *8 (E.D. Cal. July 11, 2022), where the ALJ limited the claimant to "simple but not detailed work." In *Mitzel*, the court found "an apparent conflict with Plaintiff's RFC restricting her to 'not detailed' work and the use of the term "detailed" in the definition of Level Two Reasoning. *Id.* at *9. *Mitzel* acknowledged those cases recognizing that "a limitation to work involving only 'simple tasks,' 'simple, repetitive tasks,' or 'simple, routine, repetitive work,' is consistent with the ability to perform Level 2 jobs." *Id.* at *8 (citations omitted). However, the court found "more of a direct conflict between the RFC foreclosing 'detailed' work, and the requirement of Level Two Reasoning involving 'detailed but uninvolved' instructions." *Id. Mitzel* concluded that because the ALJ did not resolve the apparent inconsistency, remand was appropriate to resolve the apparent conflict. *Id.* at *9.

The Court finds the reasoning of *Mitzel* persuasive and concludes that there is an apparent conflict with a claimant's RFC restriction to "not detailed" work and the use of the term "detailed" in the definition of Reasoning Level 2. Because the ALJ did not recognize the apparent conflict between Plaintiff's RFC and the demands of Reasoning Level 2, the VE did not address whether the conflict

could be resolved. *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1004 (9th Cir. 2015). As a result, the Court "cannot determine whether substantial evidence supports the ALJ's step-five finding." *Id.* (quoting *Zavalin v. Colvin*, 778 F.3d 842, 848 (9th Cir. 2015)); *Mitzel,* 2022 WL 2670202, at *8. The Court finds that remand is appropriate to resolve the apparent conflict. *Zavalin*, 778 F.;3d at 846.

### B. Remedy

The decision whether to remand for further proceedings or order an immediate award of benefits is within the Court's discretion. *See Harman v. Apfel,* 211 F.3d 1172, 1175-78 (9th Cir. 2000). Unless "the record has been fully developed and further administrative proceedings would serve no useful purpose," remand for further proceedings is warranted. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). As it is not clear that "further administrative proceedings would serve no useful purpose," remand for further proceedings is appropriate. *Id.*; *see also Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted).

Having found that remand is warranted, the Court declines to address Plaintiff's remaining arguments concerning whether the ALJ properly evaluated the opinion of her treating physician, Dr. Popper, which can be addressed on remand. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F.Supp.2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand."); *Marcia v. Sullivan*, 900 F.2d 172, 177 n.6 (9th Cir. 1990) ("Because we remand for reconsideration of step three, we do not reach the other arguments raised."); *Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) (per curiam) ("Because the 'misuse of the expert's testimony alone warrants reversal,' we do not consider the appellant's other claims.").

///

**CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the Court finds that the ALJ's disability determination warrants remand. Accordingly, IT IS HEREBY RECOMMENDED that the decision be reversed, and the case remanded to the ALJ for further proceedings.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 2, 2022**          /s/ Barbara A. McAuliffe         _
                                   UNITED STATES MAGISTRATE JUDGE